FREDERICA BEILFUS, AS ADMINISTRATRIX, ETC., OF ALBERT BEILFUS, DECEASED, PLAINTIFF, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILWAY COMPANY, DEFENDANT.

*Master and servant — when a superintendent is a fellow-servant within the rule that a master is not liable to a servant for the negligence of his fellow-servant.*

One of the defendant's coal cars having been derailed at its yards in Buffalo, defendant's division superintendent directed the person in charge of the car shops and yards to send a wrecking train with the requisite machinery and seven men, with a man in charge, to replace the car. In pursuance of this order a wrecking train was sent under the charge of one Smith, who was employed by the defendant to superintend the removal of wrecks, under the orders of the person in charge of the shops and yards. While the car was being replaced the plaintiff's intestate was killed by the upsetting of the car, which was caused by an improper and negligent order given by Smith.

*Held*, that Smith was a fellow-servant of the deceased and that the defendant was not responsible for his negligence.

MOTION by the plaintiff for a new trial on exceptions ordered to be heard in the first instance at the General Term after a nonsuit directed at the circuit.

The plaintiff's intestate, her husband, was killed at Buffalo while in the employ of the defendant as one of its servants. A coal car used by the defendant was derailed, and it was while attempting to replace it that the deceased was injured.

Mr. Taylor was the defendant's general superintendent upon this division of the road. Milton Wilder had charge of the car shops and yards in the city of Buffalo, and one Homer B. Smith was at

this time in the employ of the defendant engaged in superintending the removal of wrecks, receiving his orders from Mr. Wilder.

The superintendent, Mr. Taylor, being informed that the coal car was off the trestle sent a telegraphic dispatch to Mr. Wilder informing him of the fact, and that it would require a wrecking train to replace the car, and directed him to have it done on Sunday, and to prepare a derrick and tool car with seven men, with a man in charge, and to be at work at eight o'clock Sunday morning.

Mr. Wilder communicated this order to Smith and directed him to see to its execution. The laborers who usually assisted in such service were in the employ of the defendant in various kinds of labor, and from those it was customary, and Smith did on this occasion, select the seven men required. These men, with proper machinery and Smith as superintendent or boss, went to the trestle and commenced operations. The derrick used in lifting was placed upon a platform car. The coal car was hitched to, raised and brought up by the side of the trestle, and an effort was being made to swing it on the track.

The car on which the derrick was stationed had been fastened to the trestle on the opposite side by the use of a clasp to prevent its being thrown off while the coal car was being lifted up. While the coal car was suspended an order was given, and it is claimed by the plaintiff that it came from Smith, to remove the clasp. The deceased was at that time standing on the car, and some of the men suggested in the hearing of Smith and the deceased that if the clasp was removed the car would tumble off the trestle. The clasp was knocked off and the car was immediately thrown off the trestle and Beilfus killed.

*A. G. Rice*, for the plaintiff.

*E. C. Sprague*, for the defendant.

Barker, J.:

It must be conceded that the removal of the clasp which caused the derrick to leave the trestle was a careless and negligent act. The evidence goes to prove that view of the case.

We shall assume, although the evidence leaves the question in dispute, that it was done by the order and command of Smith. If

Smith, in so ordering that to be done, represented the company and stood in its place and stead, the defendant is liable to the plaintiff for the damages which the widow and next of kin have sustained by reason of the death of the intestate if he himself was blameless. If, however, in assisting in removing the wreck and directing the actions of the men he was a fellow-servant of the deceased, the company is not liable. The plaintiff insists that Smith sustained the former relation, while the defendant maintains that it was the latter position which he occupied.

In disposing of this contention we should have in mind some of the fundamental principles of law which attend the relation of master and servant upon which the master's obligation to pay his servant damages for the injuries he may receive while in his service depend. The servant assumes all the risks of injury incident to, and occurring in the course of his employment, except such as are the result of the act of the master himself, or a breach by the master of some term, either express or implied, of the contract of service, or of the duty of the master to his servant, viz., to employ competent fellow-servants, safe and necessary machinery, etc. But for the mere negligence of one employe the master is not responsible to another engaged in the same general service. The liability of the master does not depend upon the grade or rank of the employe whose negligence causes the injury. (*Crispin* v. *Babbitt*, 81 N. Y., 516.) The master does not undertake, unless it is so specifically agreed, that he will in person attend his servants and advise and superintend the business and labor to be performed, nor that he will send another to stand in his place so that whatever such person may do or order will be, as between himself and his servant, his own act.

In this case it is not claimed but that all necessary machinery, tools and appliances were supplied, and that they were in good order and the men all sufficiently skilled and trained, and the number sufficient for the work in hand. The defendant, therefore, fully performed its part of the contract with the deceased, and no duty which it owed him was unperformed. Mr. Smith did in a sense represent the defendant, as did all the other persons engaged on that occasion, in attempting to replace the car on the track. It was deputed to Mr. Smith as a special duty by his superior officer to select the crew of men who were to accompany him to the place of

operations and to prepare and select the tools and machinery which were necessary for that service. Before anything was done towards removing the wreck, the tools and machinery as well as the men were present. In this respect Smith did represent the defendant and acted for it in the performance of its part of the contract with the deceased. After that, and at the time the deceased was injured, he was engaged as an employe and was a fellow-servant with all the men engaged with him. It was not necessary that the defendant should be represented by an agent or representative at that place while the task was being performed. The kind of work then being done was a matter of frequent occurrence in running and operating the road, and the mode and manner of doing it did not affect third persons in any degree.

In most of the operations connected with running a railroad it is necessary that there should be the combined service of two or more men, and that one of the number should act in the capacity of giving orders and directions. And it would be altogether unreasonable to hold as a rule of law that the person thus selected stands towards the others as the representative of the company and that his acts be regarded as the special directions and orders of the company.

In *Crispin* v. *Babbitt* (*supra*) the plaintiff sued the defendant for injuries which he had sustained while in his employ. The defendant was the owner of iron-works situated in Whitesboro, Oneida county, and lived in the city of New York, visiting the works once a month and remaining for a day or two at a time. One John L. Babbitt was the general superintendent and manager, and was styled the business and financial agent. The plaintiff was a laborer at the works, and it became necessary to put the pumps, which were worked by an engine, in operation.

While the plaintiff with other workmen was engaged in lifting the flywheel of the engine off its center, Babbitt, the general superintendent, carelessly let the steam on and started up the wheel suddenly, throwing the plaintiff on to the machinery and injuring him, and of this injury he complained. It was held that Babbitt was the fellow-servant of the plaintiff, although an employe of a higher grade; that the defendant had discharged all the duties which he owed the plaintiff, having supplied the works with safe and sufficient machinery and employed competent fellow-servants

to labor with the plaintiff. (*Hofnagle* v. *The N. Y. C. and H. R. R. R. Co.*, 55 N. Y., 608; *Albro* v. *Agawam Canal Co.*, 6 Cush., 75.) The cases of *Corcoran* v. *Holbrook* (59 N. Y., 517), and *Flike* v. *The Boston and Albany Railroad Company* (53 id., 549), have no just application in this instance, for those cases were determined against the master upon the ground that he had failed to supply a safe place for the servant and safe and sufficient machinery.

Judgment ordered for the defendant, with costs.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

New trial denied and judgment for defendant on the verdict.